# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3794

_____

| | | |
|---|---|---|
| Employers Mutual Casualty Company; American Liberty Insurance Company; Illinois Emcasco Insurance Company, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| Hoodco, Inc.; | * * | |
| Defendant, | * * | |
| David J. Bening; Alfred W. Harre; Bernice Harre; | * * * | |
| Defendants-Appellees, | * * | |
| Joseph P. Caulfield & Associates, Inc.; Blair K. Drazic; | * * * | |
| Defendants, | * * | |
| Arthur G. Muegler; | * * | |
| Defendant-Appellant, | * * | |
| Thomas G. Berndsen, | * * | Appeal from the United States District Court for the Eastern |
| Intervenor Defendant-Appellee, | * * | District of Missouri. |
| _____ | * | [UNPUBLISHED] |

Hoodco, Inc.; Hoodco Building and   *
Supply, Inc.; Ernest Hood,     *
           *
    Plaintiffs,      *
           *
   v.           *
           *
American Liberty Insurance Company;   *
Illinois Emcasco Insurance Company;   *
Employers Mutual Casualty Company;   *
           *
    Defendants,     *
           *
David J. Bening; Alfred W. Harre;    *
Bernice Harre,        *
           *
    Movants Below-Appellees. *
_____    *
           *
Illinois Emcasco Insurance Company;   *
           *
    Plaintiff,      *
           *
   v.           *
           *
Hoodco, Inc.;        *
           *
    Defendant,      *
           *
David J. Bening; Alfred W. Harre;    *
Bernice Harre,        *
           *
    Movants Below-Appellees. *

_____

Submitted:  January 11, 2005
Filed:  January 19, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

In 1996, David J. Bening, and Alfred W. and Bernice Harre obtained judgments against attorney Arthur G. Muegler. Bening and the Harres were represented by Thomas G. Berndsen, who filed an attorney's lien for his contingency fee. Muegler filed for bankruptcy in Arizona and listed the judgments, but the bankruptcy court found the judgments were nondischargeable. In 2002 Muegler represented Hoodco, Inc. in a property insurance lawsuit involving Employers Mutual Casualty Insurance Company. The parties settled for $725,000. Employers Mutual deposited the money in the court's registry and filed an interpleader action. Muegler, his judgment creditors Bening and the Harres, and Berndsen were listed as interested persons. Muegler claimed his attorney's fee was exempt from garnishment. Bening, the Harres, and Berndsen asserted they were entitled to Huegler's fee as his judgment creditors. The district court[*] denied Muegler's claimed garnishment exemption as meritless and concluded that because the judgments against him were greater than Muelger's share, Muegler was not entitled to any part of the distribution.

Muegler appeals asserting the district court committed error in denying his claimed garnishment exemption. Muegler made the same arguments before the district court in several earlier cases, however, and his claims were rejected. We affirmed. Thus, the district court correctly applied the doctrine of collateral estoppel and denied Muegler's claimed exemptions. Further, as the district court explained, Muelger's attorney's fees are not exempt from garnishment under either 15 U.S.C. § 1673(a) or Mo. Rev. Stat. § 525.030.2 because he is an independent contractor. The

_____

[*]The Honorable David C. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties under 28 U.S.C. § 636(c).

district court's decision did not violate any of Muegler's constitutional rights.  Last, the district court properly denied Muegler's affirmative defense because the district court knew the bankruptcy court determined Muegler's debt is not dischargeable.

Having carefully considered the briefs, the record, and the applicable law, we conclude the district court properly decided this case.  Because there is no need for additional explanation, we affirm on the basis of the district court's memorandum and orders.  <u>See</u> 8th Cir. 47B.

_____